The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. MACKAY,<br><br>Defendant. | NO. CR23-102-RSL<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE REGARDING<br>2010 LOTUS EVARA** |

THIS MATTER comes before the Court on the parties' Stipulated Motion for a Preliminary Order of Forfeiture, seeking to forfeit, to the United States, Defendant Michael D. Mackay's interest in the following property:

    a.    2010 Lotus Evara, serial number SCCLMDTU0AHA11237, purchased by Defendant Mackay on or about December 21, 2022 ("Subject Vehicle").

The Court, having reviewed the parties' Stipulated Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture regarding the Subject Vehicle is appropriate because:

- Any property consisting or derived from proceeds of the offense of Bank Fraud, in violation of 18 U.S.C. § 1344, is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2).

Preliminary Order of Forfeiture - 1
*United States v. Mackay,* CR23-102-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Pursuant to the Plea Agreement he entered on March 26, 2024, the Defendant agreed to forfeit all property that constitutes or is derived from proceeds of his commission of Bank Fraud. Dkt. No. 28 ¶ 14.
- Pursuant to the Stipulated Motion for Preliminary Order of Forfeiture, the Defendant admits the Subject Vehicle constitutes or is derived from proceeds of his commission of Bank Fraud and agrees to forfeit his interest in it.

**NOW, THEREFORE, THE COURT ORDERS:**

1. Pursuant to 18 U.S.C. 982(a)(2), parties' Stipulated Motion for a Preliminary Order of Forfeiture, and the Plea Agreement, Defendant Mackay's interest in the Subject Vehicle is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, the United States Postal Inspection Service, and/or its authorized agents or representatives, shall take custody of the Subject Vehicle and maintain custody and control of the Subject Vehicle until further order of this Court.

4. This forfeiture is separate and distinct from any restitution that is ordered in this case.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), United States shall publish notice of this Preliminary Order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that

Preliminary Order of Forfeiture - 2
*United States v. Mackay,* CR23-102-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any person, other than the Defendant, who has or claims a legal interest in the property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.    shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b.    shall be signed by the petitioner under penalty of perjury; and,

    c.    shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

6. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

7. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

//

//

//

//

Preliminary Order of Forfeiture - 3
*United States v. Mackay,* CR23-102-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 21st day of June, 2024.

THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

s/Krista K. Bush
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
United States v. Mackay, CR23-102-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970